## JAFFE BROS. & COMPANY ET AL.

*v.*

## J. FERNANDEZ & COMPANY ET AL.

Mayaguez, No. 6.

and

## CERECEDO BROS.

*v.*

## JAFFE BROS. & COMPANY ET AL.

San Juan, No. 147.

1. A "Federal question" for jurisdictional purposes is one which goes to the foundation of the suit, and is not merely incidental.
2. Prior to the act of Congress of March 2d, 1901, increasing the jurisdiction of the court, it had no jurisdiction of a case between nonresident foreigners and resident Porto Ricans.

Opinion filed February 21, 1909.

The matter before us is a renewed plea to the jurisdiction. The controversy here is really but one suit. It was filed in the Mayaguez district of this court on November 19, 1900, and hence is one of the oldest cases on the docket. After a considerable legal battle, a receiver was appointed (1 Porto Rico Fed. Rep. 299), who, it is said, never qualified, because, as it is said, he could obtain possession of no assets. After default and a decree *pro confesso,* a final decree was entered in the original suit under date of June 8, 1901. This decree

Jaffe Bros. & Co. v. J. Fernandez & Co.

was entered without any proofs whatsoever save the allegations of the bill, which, although sworn to, are not very specific. When an attempt was made to proceed under the decree against some of the original respondents, they came in on February 6, 1902, and tendered a bill for review, which was numbered 147, and entitled as secondly in the caption above set out. The then judge of this court wrote an opinion in the case, permitting the filing of this bill of review. 1 Porto Rico Fed. Rep. 53. In the opinion, he sets out in substance that the decree was not in conformity with the prayer of the bill, etc., but, because he permitted the bill of review to be filed, he forced the petitioners therein to pay the costs up to that time, and give bond in the sum of $15,000 to protect the original complainants in the suit, which was done. So much time having elapsed since the original suit was brought, this bond is probably all that gives substance to the litigation at this time.

A good deal of controversy took place with reference to the matters in litigation about the time this bond was filed, and, on October 13, 1903, a plea to the jurisdiction for lack of diverse citizenship, such as is contemplated by the several acts of Congress, was interposed. It does not appear that this plea was, at that time, passed upon. The pleadings were, from time to time, amended, and many demurrers, exceptions, and dilatory motions were filed.

On June 1, 1907, we wrote an opinion on the plea and demurrer in this case, overruling both of them (see 3 Porto Rico Fed. Rep. 73). We stated in that opinion that it was rendered hurriedly, and intimated that we had doubts about the rule laid down. Recently the parties reargued the plea to the jurisdiction and filed briefs therein, to which we have given careful attention.

Jaffe Bros. & Co. v. J. Fernandez & Co.

On the one hand, counsel for respondents contends that the court, at the time of the filing of the original suit, in November, 1900, had no jurisdiction, because the amendment of 1901 to the Foraker law had not, at that time, been passed, and that, as the complainants are Scotch and German mercantile firms, and the respondents are all Porto Ricans, the court was in fact without jurisdiction. Counsel for complainants replies to this that the court had jurisdiction because a suspension-of-payments law, passed by the military commander here in Porto Rico while the island was under military government, was in question, and that this amounted to such a Federal question as gave the court jurisdiction independent of the citizenship of the parties.

We have examined the question now more extensively than we did before, and, however reluctant a court may be as to reversing itself, it should not hesitate to do so if it was wrong, so long as it still has full control of the record. We therefore are constrained to hold that we were mistaken in our view of the law under the facts of the case in our opinion in 3 Porto Rico Fed. Rep. 73, and we are further of the opinion that a Federal question to give jurisdiction must be the actual foundation of the suit, and not something coming in incidentally, and that the suspension-of-payments law referred to was not an act of Congress, but a mere military order.

Therefore the plea to the jurisdiction will be sustained and the whole case, as above entitled under two headings, will be dismissed; but the complainants will not be required to pay any costs save those that accrued since the filing of the bond. The respondents having paid the costs to that date, they will be left in that condition.